IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAMAR O. LEMONS,                    §
                                    §
          Plaintiff,                §
                                    §
V.                                  §          No. 3:22-cv-2626-S-BN
                                    §
CREEKWOOD APT,                      §
                                    §
          Defendant.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

While the caption of this case may not reflect it, Lamar O. Lemons initiated this federal case through a *pro se* notice of removal, in which he represents that he is the defendant in an eviction action filed against him in a Dallas County justice court. *See, e.g.*, Dkt. No. 3 at 28, 38 (*Creekwood Apartments v. Lemons Lamar*, Cause No. JE2204453G, J.P. Ct. Precinct 4, Place 1, Dall. Cnty., Tex.).

United States District Judge Karen Gren Scholer referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the Notice of Removal, the undersigned *sua sponte* questions whether there is federal jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction), and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should remand this action to the Dallas County justice court from which Lemons alleges it

was removed.

These findings and conclusions provide Lemons, as the party invoking federal jurisdiction, notice as to the jurisdictional deficiencies (set out below). And the ability to file objections to the undersigned's recommendation that this case be remanded (further explained below) offers him an opportunity to establish (if possible) that the Court does indeed have subject matter jurisdiction.

## Discussion

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas*, 526 U.S. at 583-84 ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed

by the courts on their own initiative even at the highest level." (citations omitted)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. And a defendant may remove an action filed in state court to federal court only if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Because diversity is not a basis for jurisdiction apparent from the Notice of Removal, the undersigned turns to federal question jurisdiction.

"To determine whether the claim arises under federal law," a district court must "examine the 'well pleaded' allegations of the complaint." *Id.* That is, jurisdiction under Section 1331 only "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). And those allegations must be present at the time of removal. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("When an action

is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." (cleaned up)).[1]

In the Notice of Removal, Lemons invokes Section 1331 by citation to multiple federal statutes, among them the Fair Debt Collection Practices Act. But Lemons has not shown that the claims asserted by the plaintiff in the underlying state-law eviction suit provide a basis for federal question jurisdiction under the statutes he cites or otherwise. *See, e.g.*, *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter*, 44 F.3d at 366)).

Instead, the Notice's invocation of federal law is fairly read as asserting either defenses or counterclaims against the underlying eviction.

But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim.").[2]

---

[1] *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

[2] *See also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted).

There is therefore "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

In sum, Lemons has not shown that the allegations in a well-pleaded complaint established that federal jurisdiction existed at the time of removal, which requires that the Court *sua sponte* remand this case to state court.

## Recommendation

Because Lamar O. Lemons, the party invoking the Court's jurisdiction through removal, has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Dallas County justice court from which Lemons alleges it

---

(1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE